# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ELIZABETH GUILIANI, ) | |
| ) | |
| Plaintiff, ) | No. 18 C 2879 |
| ) | |
| v. ) | Magistrate Judge M. David Weisman |
| ) | |
| NANCY A. BERRYHILL, Deputy ) | |
| Commissioner for Operations, ) | |
| performing the duties and functions ) | |
| not reserved to the Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Elizabeth Guiliani brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Social Security Administration's ("SSA's") decision denying her application for benefits. For the reasons set forth below, the Court reverses the SSA's' decision.

## Background

Plaintiff applied for benefits on June 25, 2014, alleging a disability onset date of January 1, 2011. (R. 100, 122.) Her application was denied initially and on reconsideration. (R. 122, 124.) Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held on December 15, 2016. (R. 30-75.) In a decision dated March 27, 2017, the ALJ denied plaintiff's claim. (R. 13-22.) The Appeals Council declined review (R. 1-3), leaving the ALJ's decision as the final decision of the SSA, reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

**Discussion**

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 416.920(a). The SSA must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity to perform her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the onset date. (R. 15.) At step two, the ALJ determined that plaintiff has the severe impairments of "degenerative disc disease of the lumbar/cervical spine and obesity." (*Id.*) At step three, the ALJ found that plaintiff's impairments do not meet or medically equal the severity of a listed impairment. (R. 17.) At step four, the ALJ found that plaintiff has the residual functional

capacity ("RFC") to perform her past relevant work as an operations manager, store manager, and office supervisor, and thus she is not disabled. (R. 17, 21-22.)

Plaintiff first argues that the ALJ erred in relying on the vocational expert's ("VE's") testimony as to the classifications of plaintiff's past work. Plaintiff did not, however, raise this objection at the hearing. (*See* R. 73-74.) Therefore, the objection is waived. *See Liskowitz v. Astrue*, 559 F.3d 736, 744 (7th Cir. 2009) ("Liskowitz argues for the first time in her reply brief that the VE should not have relied on the OEQ [Occupational Employment Quarterly] because it was published by a private company. But she forfeited this argument by failing to object to the VE's testimony during the hearing.") (footnote omitted); *Donahue v. Barnhart*, 279 F.3d 441, 446 (7th Cir. 2002) ("When no one questions the vocational expert's foundation or reasoning, an ALJ is entitled to accept the vocational expert's conclusion, even if that conclusion differs from the Dictionary[] [of Occupational Titles] . . . .").

Plaintiff's next argument is that the mental RFC is faulty because it contains no accommodations for plaintiff's mild limitations in understanding, remembering, or applying information; interacting with others; concentrating persisting, and maintaining pace; and adapting or managing herself. (*See* R. 16-17.) However, the ALJ explicitly found that, despite plaintiff's mild limitations in those areas, "[h]er performance of complex activities is appropriate, effective and sustainable;" "[h]er impairments do not interfere with her ability to relate to and work with supervisors, co-workers and the public;" and "[s]he can sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in detailed or complex . . . work settings." (R. 16-17.) Given these findings, which plaintiff does not contest, the absence of mental accommodations in the RFC is not an error.

3

Plaintiff also contests the physical portion of the RFC, specifically that she can sit, stand, and walk for six hours of an eight-hour workday. (*See* R. 17.) The ALJ fashioned this portion of the RFC after rejecting the opinion of plaintiff's treating physician, Dr. Saad. Dr. Saad opined that plaintiff can only walk 100 feet with the use of a cane and should not sit for more than twenty minutes at a time. (R. 881.) The ALJ rejected this opinion as conclusory, too reliant on plaintiff's subjective report of symptoms, and because it was rendered without Dr. Saad's having reviewed the other medical reports in the record. (R. 21.)

First, Dr. Saad does not say that he did not review plaintiff's other medical records, and his opinion, which refers to evaluations by a pain clinic and a psychiatrist, suggests that he did. (R. 881.) Further, though Dr. Saad could have more thoroughly fleshed out his opinion, it is not so conclusory as to merit wholesale rejection. He clearly outlined plaintiff's functional limitations and said they were based on his three years of treating plaintiff and a July 21, 2016 MRI of her spine. (*See* R. 881 (stating that plaintiff "[c]an [walk] 100 feet with help of cane, [should] avoid sitting for longer than 20 minutes" and has "difficult[y] . . . climb[ing] stairs," "enter[ing] cars or getting on-off buses," and lifting over twenty pounds"); R. 883 (stating that he had treated plaintiff since March 2013 and a 7/21/16 MRI showed "multi-level degenerative disc disease and facet arthropathy"[1]).) Moreover, though Dr. Saad cited plaintiff's statements, he did so only with respect to the date her back problems started, which pre-dated Dr. Saad's treatment of her, and the worsening of her symptoms, a judgment only plaintiff can make. (R. 883.) Finally, the ALJ rejected Dr. Saad's opinions without consideration of the relevant regulatory factors. *Moss v. Astrue*, 555 F.3d 556, 561 (7th Cir. 2009) ("If an ALJ does not give a treating physician's opinion controlling weight, the regulations require the ALJ to consider the length, nature, and extent of the

---

[1] Arthropathy is joint disease. arthropathy, *Dorland's Illustrated Medical Dictionary* (32d ed.).

treatment relationship, frequency of examination, the physician's specialty, the types of tests performed, and the consistency and supportability of the physician's opinion."); 20 C.F.R. § 404.1527(c). In short, the ALJ's rejection of Dr. Saad's opinion, and thus the physical RFC, is not supported by substantial evidence. This case must, therefore, be remanded.

## Conclusion

For the reasons set forth above, the Court grants plaintiff's motion for summary judgment [15], reverses the SSA's decision, and remands this case for further proceedings consistent with this Memorandum Opinion and Order.[2]

**SO ORDERED.**  **ENTERED:** February 8, 2019

**M. David Weisman**
**United States Magistrate Judge**

---

[2] Because symptom evaluation is intertwined with the assessment of medical evidence, that issue will have to be addressed on remand as well.